## BOISSIER'S SYNDICS, vs. BELAIR & AL.

APPEAL from the court of the fifth district.

MATHEWS, J. delivered the opinion of the Court.* This cause was brought before the court at the last term, on a bill of exceptions relative to the admissibility of certain evidence

The decision of the judge *a quo* invariably prevails in the supreme court, on questions of fact when it is not manifestly erroneous.

*PORTER, J. did not join in this opinion, having an interest in the cause.

West'n District,
*Aug.* 1824.

BOISSIER'S
*vs.*
BELAIR & AL.

offered by the defendants in support of a plea of compensation contained in their answer.

The principles of law applicable to the case were settled in a decision then rendered, and it was remanded for a new trial in conformity thereto. The debts which were pleaded in compensation were owing by the insolvent to other persons, and were by the owners transferred to one of the defendants shortly previous to Boissier's open failure and *cessio bonorum.* According to the judgment heretofore rendered in this court, the apparent date of the transfers was not considered as conclusive evidence that they were made at the time of said date, and consequently previous to the actual insolvency of the bankrupt. Other testimony was required to establish this fact; and on the last hearing of the cause in the district court, two witnesses were adduced by the defendants to show the real time of said transfers. The decision of the suit now depends solely on matters of fact; and in similar cases we have long been in the habit of yielding much to the conclusions of the courts of the first instance: whether evidence may have been weighed by a judge or by a jury. It is true, the testimony in the present case does not prove positively the

verity of the date of the transfers, (as assumed therein,) by establishing the day on which they were made. This positive, clear and direct proof is not required by law: the date of the instrument itself is *prima facie* evidence of its truth. When it is disputed by parties authorised to oppose its effects, the inherent deficiency may be supplied by the proof of circumstances connected with the transaction, which create a violent presumption of its truth and genuineness. See in support of this doctrine 12 *Martin*, 164, and the authorities therein referred to.

The testimony of the witnesses, seems from the judgment last rendered in the court below, in the opinion of the judge, to have disclosed circumstances, or *adminicula*, (as expressed in the Spanish law,) sufficient to convince him of the genuineness and fairness of the transfer of the debts to the defendant. On a full examination of that testimony, (which comes up in the record,) we are unable to discover any forcible reason to lead us to a different conclusion.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs, &c.

*Bowen* & *Baker*, for the plaintiffs, *Brownson* for the defendants.

